

# NUMBER 13-25-00192-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

KELVIN MALAVE JR.,          Appellant,

v.

THE STATE OF TEXAS,          Appellee.

---

## ON APPEAL FROM THE 155TH DISTRICT COURT
## OF FAYETTE COUNTY, TEXAS

---

# MEMORANDUM OPINION

### Before Justices Silva, Peña, and Cron
### Memorandum Opinion by Justice Silva

This cause is before the Court on its own motion. On October 2, 2024, the trial court issued a judgment of conviction in cause number 2024R-119. On February 18, 2025, appellant filed a pro se document indicating "I am appealing my conviction" which was construed as a notice of appeal. On April 22, 2025, the Clerk of the Court sent a letter to appellant's trial counsel Candice Clay that it appeared the notice of appeal was not

timely file.[1] On April 23, 2025, the trial court notified this Court that appellant "has undertaken the appeal on his own behalf." The trial court also indicated appellant's trial counsel has not undertaken representation nor has appellant been appointed appellate counsel. On April 30, 2025, appellant's trial counsel filed a motion to withdraw as counsel and the trial court granted her motion on the same day. On May 16, 2025, appellant, acting pro se attempted to file a series of documents, none of which cure the jurisdictional defect. On May 20, 2025, appellant's trial counsel notified this Court that she does not represent appellant in this appeal.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial is timely filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The time within which to file the notice may be enlarged if, *within* fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3. Even if a motion for

---

[1] This case is before the Court on transfer from the Third Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

new trial and a motion for extension of time had been filed, appellant's notice of appeal would have been late. Appellant's notice of appeal was untimely filed, so we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999). The appeal is hereby dismissed for want of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
10th day of July, 2025.